**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL ACEDO,<br><br>                Plaintiff,<br><br>v.<br><br>ERNESTO PINEDO, et al.,<br>                Defendants. | Case No.: 14cv903-JAH-MDD<br><br>**ORDER RE PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE RECORD**<br><br>**[ECF NO. 127]** |

On May 25, 2016, Plaintiff filed this Motion to Seal Portions of the Record. (ECF No. 127). Plaintiff identifies the documents he seeks to redact or seal by their exhibit designation, but Plaintiff does not identify the docket number and does not identify which motion these documents pertain to. Nevertheless, the Court has reviewed the docket and, with the exceptions noted below, has discerned that Plaintiff is referring to the following documents and information:

- "Exhibit C2 sub-exhibits A, B, C, D" – unable to identify;
- "Exhibit A call for service pp. 2 the ID Number, Age, DOB" – ECF No. 116-16 at 6 (driver's license number, age, DOB);

1

14cv903-JAH-MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

- "Exhibit B Castro's report pp. 2 the ID Number, Social Security Number, Other ID Numbers and DOB" – ECF No. 116-16 at 12 (driver's license number, social security number, CII Number, FBI No., DOB);
- "Exhibit C Pinedo's report should be sealed because it may be used for public scandal" – ECF No. 116-16 at 20;
- "Exhibit N the 33 photo's [*sic*]" – ECF No. 116-16 at 117-157 (pictures taken at the trolley station, of the car, of the knife);
- Declarations "attached to the opposision [*sic*]" – unable to identify.

Plaintiff urges sealing/redaction on the grounds that (1) some of these exhibits reveal his private identification numbers, and (2) the "investigatory files attached to the opposition for MSJ be sealed because the attorney's [*sic*] of the City of Chula Vista release [*sic*] those record's [*sic*] for gratifying private spite and the investigatory files may create public scandal and will likely cause that libelous statements with pictures will circulate a prime example is Chris Brown." Plaintiff explains that he is not yet as popular as Chris Brown, but does plan on writing more books like his unpublished "The Ultimate Guide to Success and Profit," and argues these filings prejudice his "persona."

Judicial records are presumptively open to public inspection. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This includes pleadings filed with the court and discovery

1 material attached to those pleadings. *Foltz v. State Farm Mut. Auto
2 Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).

3     Due to the common law "right to inspect and copy public records
4 and documents, including judicial records and documents," a party
5 moving to seal judicial records must show that "compelling reasons
6 supported by specific factual findings . . . outweigh the general history
7 of access and the public policies favoring disclosure." *Kamakana*, 447
8 F.3d at 1178-79.

9     The Court agrees with Plaintiff that his social security number
10 should be redacted from Exhibit B and his birth date should be redacted
11 from Exhibits A and B. FED. R. CIV. P. 5.2(a) (parties are required to
12 redact social security numbers and birth dates from electronic filings).

13     Except for those redactions, Plaintiff's requests to seal are "based
14 on flimsy generic explanations." *Open Text S.A. v. Box, Inc.*, No. 13-cv-
15 04910-JD, 2014 U.S. Dist. LEXIS 177484, at *7 (N.D. Cal. Dec. 26,
16 2014). Compelling reasons is a strict standard, requiring the movant to
17 show specific, individualized reasons for sealing the material, "without
18 relying on hypothesis or conjecture." *See Pintos*, 605 F.3d at 679. Rule
19 5.2 does not require redaction of the other types of information, ranging
20 from driver's license and FBI numbers, to pictures taken in public
21 spaces, to sworn declarations describing the events at issue. Nor does
22 Plaintiff offer more than hypothesis or conjecture for why exposing any
23 of this material to the public will lead to public scandal or how it
24 gratifies private spite or constitutes libel.

25

1    The Court finds Plaintiff has not satisfied his burden to show
2 compelling reasons for redaction or sealing of any of the material except
3 for his birth date and social security number.  Plaintiff's motion is
4 **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, the Clerk
5 **SHALL** replace the image of ECF No. 116-16 with a new version of the
6 image that redacts Plaintiff's social security number from Exhibit B and
7 his birth date from Exhibits A and B.
8
9    **IT IS SO ORDERED.**
10
11 Dated:   October 12, 2016
12
13                                                    Hon. Mitchell D. Dembin
                                                     United States Magistrate Judge