UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL U. ACEDO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ERNEST PINEDO, police officer, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 14cv903-JAH (MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES (Doc. No. 216)** |

## **INTRODUCTION**

Pending before the Court is Defendant Ernesto Pinedo's ("Defendant") motion for attorney's fees ("Motion") pursuant to 42 U.S.C. § 1988(b). See Doc. No. 216. Plaintiff Daniel U. Acedo ("Plaintiff") filed a response in opposition. See Doc. No. 222. The Motion is fully briefed. After careful consideration of the pleadings filed by both parties, and for the reasons set forth below, the Motion (Doc. No. 216) is **DENIED**.

## **BACKGROUND**[1]

On March 9, 2017, the Court issued an Order overruling Plaintiff's objections (Doc. No. 206); adopting the Magistrate Judge's Report (Doc. No. 197); granting Defendants'

---

[1] The Court addressed the case's prior factual and procedural history in its Order granting Defendants' motion for summary judgment. See Doc. No. 214.

1

motion for summary judgment (Doc. No. 116); and denying Plaintiff's related evidentiary motions (Doc. Nos. 147, 149, 151). On March 30, 2017, Defendant filed a motion to be determined prevailing party and an award of attorney's fees pursuant to 42 U.S.C. 1988(b). See Doc. No. 216. Plaintiff filed a response in opposition on April 12, 2017. See Doc. No. 222.

# DISCUSSION

## I. Legal Standard

This Court has discretion to award attorney's fees in § 1983 cases pursuant to 42 U.S.C. 1988(b). See 42 U.S.C. 1988(b). Attorney's fees are appropriate when the action is considered "unreasonable, frivolous, meritless, or vexatious." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994).

## II. Analysis

Defendant argues that Plaintiff's action against Defendant is frivolous because Defendant "had nothing to do" with Plaintiff. Doc. No. 216-1 at pg. 11. Defendant asserts that he did not arrest or search Plaintiff. Id. Defendant claims that he did not have an exchange of words with Plaintiff and never made physical contact with Plaintiff. Id. Defendant asks for $20,738.50 in attorneys' fees. Id. at pg. 12.

In response, Plaintiff argues that Defendant's entry and reentry of 799 Ada St. was unreasonable. Doc. No. 222 at pg. 4. Plaintiff asserts that this reentry and secondary search violated Plaintiff's rights under the Fourth Amendment. Id. at pg. 1. Plaintiff contends that there was "prospect of success" in his complaint. Id. at pg. 5. Plaintiff argues here, it would be unreasonable to declare his complaint "frivolous". Id. at pg. 4. Plaintiff argues there is a strict standard for attorney's fees, and such fees should only be awarded in exceptional cases. Id. at pg. 5. Plaintiff argues that this situation does not constitute an exceptional case to warrant attorney's fees. Id. at pgs. 4-8.

The Court agrees. The Ninth Circuit has determined that attorneys' fees in §1983 cases are only appropriate when the Plaintiff's action is frivolous, unreasonable, or without foundation. Vernon, 27 F.3d at 1402. Further, the Ninth Circuit has defined 'frivolous' as

"when the result is obvious" or "wholly without merit." Id. (citing McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981)). The Court has previously ruled that Defendants, police officers, had probable cause to arrest and search Plaintiff because Defendants had reasonable grounds to believe that Plaintiff stabbed Ms. Chacon at a trolley station. Doc. No. 214 at pgs. 8-10. Although Defendant did not participate in the initial arrest, he was later present at the scene of the arrest and conducted a secondary search. Doc. No. 216-1 at pg. 9; Doc. No. 222 at pg. 1. In addition, this Court's finding made Plaintiff's objections to the Magistrate Judge's Report & Recommendation moot. Id. However, the Court does not find that Plaintiff's complaint was unreasonable or without foundation. Plaintiff is pro se and warrantless search did occur. Plaintiff had reason to suspect that his rights under the Fourth Amendment were in jeopardy. Thus, the Court finds that Plaintiff's complaint was not "wholly without merit." See Vernon, 27 F.3d at 1402.

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Attorney's Fees (Doc. No. 216) is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 1, 2019

_____
JOHN A. HOUSTON
United States District Judge